UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **LLOYD ANDREW BROWN** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| **REPUBLIC AIRWAYS** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Lloyd Andrew Brown ("Brown" or "Plaintiff"), by counsel, brings this action against Defendant, Republic Airways, ("Defendant"), for violating the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.*

### II. PARTIES

2. Brown is a resident of Boone County in the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is located and conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §12117(a).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(a).

6. Brown was an "employee" as that term is defined by 42 U.S.C §12111(4).

7.	Brown satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), against Defendant alleging discrimination based on disability. Brown received the required Notice of his Right to Sue and timely files this action.

8.	A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9.	Brown was hired by Defendant on or about September 9, 2022, as a Dispatch Apprentice.

10.	Brown suffered a Traumatic Brain Injury (TBI) in or around January 2016. He is currently on Social Security Disability Insurance (SSDI) as a result of his condition.

11.	To become a Dispatch Apprentice, there are several difficult quizzes and a final exam employees must pass as part of a mandatory certification process. Because of Brown's TBI, he needed more time to learn the material and take the exams than those employees who do not have a disability.

12.	On or about October 19, 2022, Brown notified Dispatch Director, Kenneth Elkin ("Elkin") of his disability and the effect it had on his ability to pass the quizzes. Elkin told him since the class is given by a third-party company, Jeppesen, Defendant cannot accommodate him, and he needed to reach out to Jeppesen personally.

13.	The same day, Brown requested an accommodation from Jeremy Vincent ("Vincent"), the Academic Manager at Jeppesen; however, Vincent told him he needed to ask

Defendant if he could retake the class. Vincent also told Brown that Defendant had allowed other employees who failed the class to retake it.

14. The next day, Brown asked Elkin to be put in a different position until he could retake the class as an accommodation. Defendant indicated that it would not place him in any position, but that he could reapply like any other candidate. Brown applied for other positions, but never heard back on his applications.

15. Non-disabled employees were allowed to retake the class or were put into a different position until they could retake the class.

16. Brown was terminated on or about October 20, 2022. Defendant's stated reason for terminating him was because he did not pass the class.

## V. CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION

17. Brown hereby incorporates paragraphs one (1) through sixteen (16) of his Complaint as if the same were set forth at length herein.

18. Defendant violated Brown's rights as protected by the ADA, 42 U.S.C. §12101 *et seq.* by discriminating against him because of his actual or perceived disability. Defendant failed to accommodate Brown and subjected him to disparate treatment because of his disability in violation of the ADA.

19. Brown's employment was terminated because of his disability.

20. Defendant's actions were intentional, willful, and in reckless disregard of Brown's rights as protected by the ADA.

21. Brown has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Lloyd Brown, respectfully requests that this court enter judgment in his favor and award him the following relief:

1. Reinstate Brown's employment to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Brown of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of the ADA;

5. Punitive damages for Defendant's violations of the ADA;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: /s/ Andrew Dutkanych
Andrew Dutkanych
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: ad@bdlegal.com
*Counsel for Plaintiff, Lloyd Andrew Brown*

## DEMAND FOR JURY TRIAL

Plaintiff, Lloyd Andrew Brown, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Andrew Dutkanych*
Andrew Dutkanych
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: ad@bdlegal.com
*Counsel for Plaintiff, Lloyd Andrew Brown*